UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD L. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07CV193 HEA |
| | ) |
| ST. LOUIS PARKING VIOLATIONS | ) |
| BUREAU, et al., | ) |
| | ) |
| Defendant. | ) |

## OPINION, ORDER AND MEMORANDUM

This matter is before the Court upon the application of Ronald Jones for leave to commence this action without payment of the required filing fee [Doc. #2]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d

302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages and injunctive relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are the St. Louis Parking Violations Bureau, the St. Louis Department of Streets (DOS), and the St. Louis Municipal Courts. Liberally construing the complaint, plaintiff's vehicle was towed by either the DOS or the City of St. Louis Police Department and impounded due to plaintiff's alleged failure to pay traffic and/or parking tickets.

**Discussion**

Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court notes that the instant complaint is virtually identical to two prior complaints filed by plaintiff. *See Jones v. St. Louis Parking Violations Bureau*, No. 4:06CV150(HEA) (E.D. Mo.); *Jones v. St. Louis Parking Violations Bureau*, No. 4:06CV1035(HEA) (E.D. Mo.). The prior cases were dismissed by this Court in accordance with the Court's Orders and Memoranda on May 8, 2006, and October 11, 2006, respectively. The instant complaint will be dismissed for the same reasons. Moreover, because the instant complaint is duplicative of two previously-filed complaints, this action will also be dismissed as frivolous and malicious under section 1915(e)(2)(B). *See Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th Cir. 1992); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per

curiam).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and malicious and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 30th day of March, 2007.

                                                                         /s/ Henry Edward Autrey
                                                                         HENRY EDWARD AUTREY
                                                                         UNITED STATES DISTRICT JUDGE